Tucker vs. Hood.

CASE 17—PETITION ORDINARY—JUNE 20.

## Tucker vs. Hood.

APPEAL FROM MARION CIRCUIT COURT.

1.   As the law does not allow a party to make evidence for himself, *his conduct and declarations*, only a few hours after the alleged robbery, are not admissible in his favor to prove that he had been robbed of the plaintiff's money; nor could he, according to our Civil Code, be a competent witness for himself to prove the alleged robbery.

2.   The Code declares that no interested party to an action shall be a competent witness for himself, except in actions against carriers, innkeepers, or wrong-doers, for the value of lost baggage, in which the owner may testify in his own behalf *as to the contents and value thereof.* Even in such excepted cases, the owner is not competent to prove the loss of the baggage, which must be established by evidence *aliunde* before he can prove the "contents and value."

ROUNTREE & FOGLE,                          For Appellant.

L. H. NOBLE,                                   For Appellee,

CITED—

1 *Greenleaf,* secs. 348 *and* 349.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

In this action by the appellee against the appellant for money the latter had collected for the former, he pleaded that he had, without his fault, been robbed of the money; and, on the trial on that issue, he offered to prove by several witnesses his appearance, conduct, and declarations only a few hours after the alleged robbery, and also offered to testify himself in his own behalf. But the court having adjudged all such testimony incompetent, he appeals from a judgment for the amount assessed against

him by the jury; and the only question for our revision is, whether any of the rejected testimony was competent.

As the law does not allow a party to make evidence for himself, the appellant's conduct and declarations were not admissible to prove that he had been robbed of the appellee's money; nor could he, according to our Civil Code, be competent to prove the alleged robbery. The Code declares that no interested party to an action shall be a competent witness for himself, except in actions against carriers, inn-keepers, or wrong-doers, for the value of lost baggage, in which "the owner may testify in his own behalf *as to the contents and value thereof.*" Even in such excepted cases the owner is not competent to prove the loss of the baggage, which must be established by evidence *aliunde* before he can prove the "contents and value" according to the Code; therefore, the appellant was incompetent to testify that he had been robbed.

And, had the fact of robbery been otherwise proved, the letter of the Code would not allow him to testify that the appellant's money, or how much of it, had been thus taken from him; and we need not intimate whether the spirit of the Code could be so interpreted as to legalize such evidence in such a case.

Wherefore, perceiving no error in the record, the judgment is affirmed.